IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LYDELL ELLERBE,**

      Petitioner

v.                                              Civil No. 1:05-cv-148
                                                   (Judge Keeley)

**WARDEN JOYCE FRANCIS,**

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner initiated this case on November 3, 2005, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On December 5, 2005, petitioner filed supplemental pleadings. On January 24, 2006, a preliminary review of the petition revealed that summary dismissal was not warranted and the respondent was directed to file an answer. On February 22, 2006, the respondent filed a motion to dismiss the petition as moot. Because petitioner is proceeding *pro se*, the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing petitioner of his right to file responsive material to the respondent's motion. The petitioner did not file a reply to the defendant's motion.[1] This case is before me for an initial review and report and recommendation pursuant to LR PL P § 83.01, et seq.

## I. The Petition

According to the petition, the petitioner was originally arrested by Virginia authorities on March 29, 2000, and held in continuous custody until he received a 40-month Virginia sentence

---

[1] When petitioner initiated this case, the Clerk issued a Notice of General Guidelines for Appearing Pro Se. (Doc. 2). In the notice, petitioner was advised that he must keep the Court informed at all times of his current address and that the failure to do so could result in the dismissal of the case. Thus, the undersigned notes that the petition is also subject to dismissal for the failure to prosecute.

on November 17, 2000. Consequently, petitioner was committed to the Virginia Department of Corrections for service of that sentence.

On April 21, 2001, petitioner was "borrowed" by federal authorities to answer charges in the United States District Court for the District of Columbia. Petitioner received a federal sentence of 108 months on September 5, 2002. Petitioner's federal sentence was ordered to run concurrent with the undischarged portion of his Virginia sentence and the Bureau of Prisons (BOP) calculated petitioner's sentence accordingly. Petitioner was released from his Virginia sentence on August 15, 2003.

On December 21, 2004, pursuant to a remand from the Court of Appeals, petitioner was resentenced in federal court. Petitioner's federal sentence was reduced from 108 months to 46 months. However, the written judgment stated only that petitioner be credited with time served and was silent as to whether petitioner's new sentence should be concurrent or consecutive to his Virginia sentence. Thus, in recalculating petitioners' federal sentence, the BOP ran petitioner's federal sentence consecutive to his State sentence and did not credit petitioner with the previously awarded time served on his Virginia sentence.

Petitioner asserts that his reduced sentence was supposed to run concurrent with his Virginia sentence and that the BOP's recalculation of his sentence is incorrect. Petitioner raised this issue in the BOP's administrative remedies procedure, but was denied relief. In denying relief, the BOP asserted that the federal court "rescinded" its original judgment and commitment order and that because the re-sentencing judgment was silent as to concurrency, it was therefore bound to calculate the two sentences consecutively.

In the petition, the petitioner asserts that the re-sentencing court did not intend to change

2

the terms of his sentence, merely the length of his incarceration. Therefore, petitioner requests that his sentence be recalculated and he be released from incarceration.[2]

## II. The Respondent's Response

In response to the petition, the respondent asserts that on February 14, 2006, the sentencing court issued an Order clarifying petitioner's federal sentence. In that Order, the sentencing court amended petitioner's re-sentencing judgment and commitment Order to reflect that "the term of imprisonment imposed shall be served concurrently with any other sentence currently being served." See Motion to Dismiss at Att. 1. Thus, the BOP has recalculated petitioners' sentence, giving petitioner credit on his federal sentence for the time served on his Virginia sentence. As a result, petitioner has been released from incarceration. Accordingly, because petitioner has already received the relief sought in this action, the respondent asserts that this case is now moot and should be dismissed.

## III. Mootness

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

## IV. Recommendation

---

[2] According to petitioner, if his federal sentence is properly calculated to allow credit for time served on his Virginia sentence, he should have been released in August of 2005.

Because petitioner has already been granted the relief sought in the instant petition, there is no longer a case or controversy before this Court. Therefore, it is the recommendation of the undersigned that the respondent's Motion to Dismiss (Doc. 7) be GRANTED and this case be DISMISSED as moot.[3]

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: May 23, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994). However, I find that neither of these exceptions apply in this case.