IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LYDELL ELLERBE,**

    **Petitioner**

v.                        //         CIVIL ACTION NO. 1:05CV148
                                                           (Judge Keeley)

**BUREAU OF PRISONS, ET AL.**
**WARDEN JOYCE FRANCIS,**

    **Respondent.**

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2241 PETITION AS MOOT

On November 3, 2005, *pro se* petitioner Lydell Ellerbe ("Ellerbe") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, asserting that his federal sentence was supposed to run concurrent with his state sentence and that the Bureau of Prison's ("BOP") calculation of his federal sentence was incorrect. Accordingly, Ellerbe requested that the Court recalculate his federal sentence and order that he be released from incarceration.

The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On January 24, 2006, the Magistrate Judge ordered the respondent to file an answer to Ellerbe's §2241 petition. Accordingly, on February 22, 2006, the respondent filed a motion to dismiss, asserting that Ellerbe's petition should be dismissed as moot. Ellerbe filed no response to the respondent's motion to

dismiss.[1]

On May 23, 2006, Magistrate Judge Seibert issued a Report and Recommendation, recommending that Ellerbe's case be dismissed as moot. The Magistrate Judge stated that, on February 14, 2006, Ellerbe's sentencing court issued an order clarifying his federal sentence, and, as a result, the BOP recalculated Ellerbe's sentence, giving him credit on his federal sentence for the time he served on his state sentence. Moreover, the Magistrate Judge noted that, as a result of this recalculation of his sentence, Ellerbe had been released from incarceration.

Therefore, pursuant to Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996), Magistrate Judge Seibert determined that, because Ellerbe had already been granted the relief he sought in his petition, there is no longer a case or controversy before this Court. Accordingly, he recommended that the respondent's motion to dismiss be granted and Ellerbe's §2241 petition be dismissed as moot.

The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. Nevertheless,

---

[1] When Ellerbe filed his petition, the Clerk issued a Notice of General Guidelines for Appearing Pro Se, and, in that notice, Ellerbe was advised that he must keep the Court informed of his current address at all times. Although he has been released from incarceration, Ellerbe has not provided the Court with his current address.

**ELLERBE V. BUREAU OF PRISONS, ET AL.**                         **1:05CV148**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Ellerbe failed to file any objections.[2]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt no. 11), **GRANTS** the respondent's motion to dismiss (dkt no. 7) and **ORDERS** Ellerbe's case **DISMISSED AS MOOT** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

Dated: June _____12_____, 2006.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE

---

[2] Ellerbe's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).